## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DELORESE PEARSON, | ) | Case No. 1:22-cv-1041 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| SIERRA WHATLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## <u>OPINION AND ORDER</u>

Plaintiff DeLorese Pearson filed this action *in forma pauperis* without counsel against Sierra Whatley, a caseworker with the Cuyahoga County Department of Children and Family Services.  (ECF No. 1.)

## BACKGROUND

The complaint stems from communications between Ms. Pearson and Ms. Whatley, the Department's case worker assigned to work with Ms. Pearson and her family on a pending matter in State court.  According to the complaint, following a telephone conversation between Ms. Pearson and Ms. Whatley concerning Plaintiff's case plan, Ms. Whatley "sent a libelous email" to Ms. Pearson alleging that Ms. Pearson "had inappropriate conversations with her children, had requested unsupervised visits, and still needed to complete [the parenting part of the case plan]." (ECF No. 1, PageID #1.)  Plaintiff denies Ms. Whatley's allegations and claims that because of Ms. Whatley's email, Ms. Pearson's visits with her children were "cut

off." (*Id.*).   It appears that Ms. Pearson also claims that Ms. Whatley forged her signature on a case plan, falsely reported to the local police department that Ms. Pearson threatened Ms. Whatley, repeatedly slandered Ms. Pearson during staff meetings and misrepresented Ms. Pearson's performance of the case plan, and perjured herself during a juvenile court hearing.  (*Id.*, PageID #2–5.)

Plaintiff alleges that Ms. Whatley's actions violated her rights under the First and Fourteenth Amendments, violated 18 U.S.C. § 242, and constituted defamation in violation of 28 U.S.C. § 4101.  She seeks $3,700,000 in damages.

## DISCUSSION

Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  The Court grants that application.  Accordingly, because Plaintiff is proceeding *in forma pauperis*, her complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 327(1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

2

A cause of action fails to state a claim on which relief may be granted where it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## I.    Abstention

Plaintiff's claims concern a custody action in State court. To the extent the custody matter remains pending in State court and Ms. Pearson asks this Court to intervene, the Court may not do so.

A federal court must abstain from interfering with pending State court proceedings involving important State interests absent extraordinary circumstances that are not present here. *See Younger v. Harris*, 401 U.S. 37, 44–45 (1971). Where a person is the target of an ongoing State action involving important State matters, she cannot interfere with the pending State action by maintaining a parallel federal suit involving claims that could have been raised in the state case. *Watts v. Burkhart*,

854 F.2d 839, 844–48 (6th Cir.1988). If the State defendant files such a case, *Younger* and its progeny require the federal court abstain and to defer to the State proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

Therefore, abstention is appropriate where: (1) State proceedings are ongoing, (2) the State proceedings implicate important State interests, and (3) the State proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982*); Leveye v. Metropolitan Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43–45). Concerning the final factor, the plaintiff bears the burden of demonstrating that State procedural law bars presentation of her claims. *Pennzoil Co.*, 481 U.S. at 14. Where a plaintiff has not attempted to present her federal claims in the State court proceedings, the federal court should assume that State procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Id.* at 15.

Abstention is mandated whether the State court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Here, if Pearson's child custody case is still pending, all three factors supporting abstention are present. The State of Ohio has an important interest in enforcing its laws regarding domestic and child custody matters. "Federal courts have consistently recognized that matters relating to domestic relations cases and child custody disputes implicate important state interests[.]" *Butterfield v. Steiner*,

No. C2-01-1224, 2002 U.S. Dist. LEXIS 19057, 2002 WL 31159304, at *6 (S.D. Ohio Sept. 5, 2002) (citing *Moore v. Sims*, 442 U.S. 415, 423 (1979)).  And there has been no showing that the claims Ms. Pearson asserts in this federal action are barred in the State action.  Therefore, the requirements of *Younger* are satisfied, and the Court must abstain from interfering in the pending State action.

## II.    Res Judicata

The status of Ms. Pearson's child custody matter is not entirely clear.  She alleges that the case plan to "cease the communications of the family" was approved following a juvenile court hearing and that the State court "now believes the [Department] has made 'reasonable efforts' to reunify the family." (ECF No. 1, PageID #4.)  However, Ms. Pearson notes that on May 23, 2022, the court staff held another meeting during which Ms. Pearson's Ohio Guidestone case manager shared that Ms. Pearson was on the waiting list for a new therapist, implying that the case remains pending.  (*Id.*, PageID #5.)

To the extent the State court has decided Ms. Pearson's child custody matter and she seeks to litigate the question of legal custody again in a different court in the hope of achieving a different result, she is barred from doing so.  Plaintiff cannot file an action in federal court to relitigate matters that were already decided in State court proceedings.  Federal courts must give the same preclusive effect to a State-court judgment as that judgment receives in the rendering State.  28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Township of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006).  To determine the preclusive effect a prior State court judgment would have on the present federal action, the Court must apply

5

the law of preclusion of the State in which the prior judgment was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

In Ohio, the doctrine of res judicata encompasses the two related concepts of claim preclusion and issue preclusion.  *State ex rel. Davis v. Public Emp. Ret. Bd.*, 120 Ohio St. 3d. 386, 2008-Ohio-6254, 899 N.E.2d 975, ¶ 27.  "Claim preclusion prevents subsequent actions, by the same parties or their privies, based on any claim arising out of a transaction that was the subject matter of a previous action."  *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382, 1995-Ohio-331, 653 N.E.2d 226.  Claim preclusion also bars subsequent actions whose claims "could have been litigated in the previous suit."  *Id.*  By contrast, issue preclusion, or collateral estoppel, prevents the "relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies," even if the causes of action differ.  *Id.*

Here, Ms. Pearson challenges the child custody proceedings conducted in State court and alleges that the proceedings violated her constitutional rights when the caseworker provided allegedly false testimony regarding Ms. Pearson and the court mistakenly believed that the Department made reasonable efforts to reunify the family.  However, Ms. Pearson had the opportunity to assert these claims in the course of the juvenile court proceedings and on appeal of the juvenile court's decision. Therefore, the doctrine of claim preclusion bars her from litigating these claims again in this Court.  Moreover, to the extent the State court has decided the legal custody of Ms. Pearson's children, even if the causes of action in this action are new, the facts

necessary to support those claims would have been determined by the State courts. The Court must give full faith and credit to those judgments. Accordingly, Ms. Pearson is barred from relitigating those matters in this Court.

## III.    Section 242

It appears that Ms. Pearson alleges that Defendant violated 18 U.S.C. § 242 (deprivation of civil rights). Section 242 is a criminal statute and provides no private right of action to civil plaintiffs. *See Bey v. State of Ohio*, No. 1:11 CV 1306, 2011 U.S. Dist. LEXIS 119867, 2011 WL 4944396, at *3 (N.D. Ohio Oct. 17, 2011) (citing *United States v. Oguaju*, 76 F. Appx. 579, 581 (6th Cir. 2003)). To the extent Ms. Pearson attempts to bring criminal charges against Ms. Whatley, she lacks standing to do so. A private citizen "has no authority to initiate a federal criminal prosecution [against] defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (citations omitted).

## IV.    Defamation

Plaintiff repeatedly claims that Ms. Whatley defamed or slandered her. In support, she cites 28 U.S.C. § 4101. However, that statute merely defines "defamation" in the context of when a federal court or a court of any State may recognize a foreign defamation judgment. *See White v. White*, No. 3:21-cv-228, 2022 U.S. Dist. LEXIS 2515, at *5 (S.D. Ohio Jan. 5, 2022) (citing 28 U.S.C. § 4101(1)). Section 4101 is not itself a private right of action that would confer federal-question jurisdiction. And there is no allegation in Ms. Pearson's complaint involving a foreign defamation judgment. Therefore, Ms. Pearson's purported claim under 28 U.S.C. § 4101 fails to state a cognizable federal claim.

To the extent Ms. Pearson alleges a State law claim for slander or defamation, the Court declines to exercise supplemental jurisdiction over this State law claim.  A district court "may decline to exercise supplemental jurisdiction over a claim" if that court "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Because Ms. Pearson's complaint does not allege any cognizable federal claim, and there is no basis in this action for original diversity jurisdiction, the Court declines to exercise supplemental jurisdiction over any State law claim Ms. Pearson might also be attempting to assert.  "[A] federal court that has dismissed a plaintiff's federal law claims should not ordinarily reach the plaintiff's state law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (citing, among other authorities 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

Accordingly, the Court dismisses without prejudice any State-law claims Ms. Pearson may have asserted.  *Bullock v. City of Covington*, 698 F. App'x 305, 307 (6th Cir. 2017) ("Normally, when a court declines to exercise supplemental jurisdiction, the court dismisses the [state] claims without prejudice.") (citations omitted).  Therefore, Plaintiff's complaint for defamation fails to state a claim on which relief may be granted.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis*, and the Court **DISMISSES** Plaintiff's complaint pursuant

to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies

that an appeal from this decision could not be taken in good faith.

      **SO ORDERED.**

Dated:  September 15, 2022

 

 

_____

      J. Philip Calabrese
      United States District Judge
      Northern District of Ohio